# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   § | |
|     Plaintiff-Respondent,   § | |
| § | |
| v.   § | Cr. No. C-01-273(1) |
| § | |
| JOE DUDLEY SEAL   § | |
|     Defendant-Movant.   § | |

## ORDER DENYING MOTION WITHOUT PREJUDICE

Defendant Joe Dudley Seal ("Seal") pleaded guilty to the single count of the indictment against him and was sentenced in this Court. Judgment in his criminal case was entered on January 29, 2002. (D.E. 20). He did not appeal. In May 2002, he filed two motions seeking discovery of certain documents and transcripts. (D.E. 23, 24). Those motions were denied by a United States Magistrate Judge on June 11, 2002. (D.E. 25). On November 14, 2005, the Clerk received from Seal a motion titled "Motion Petitioning a Case or Sentence Review Under New Supreme Court Ruling." (D.E. 26). That motion is addressed herein.

Seal's motion relies on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, Seal argues that his sentence was obtained in violation of his Sixth Amendment because the Court enhanced his sentence based on facts that were neither found by a jury beyond a reasonable doubt nor admitted by him at his plea colloquy. He asks that the Court "review" his case and reduce his sentence, "eliminating the enhancements in his case." (D.E. 26 at 2).

Nowhere does his motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for his challenge is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of

1

the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).[1]

Construed as a motion to reduce sentence, this Court is without authority to grant the relief Seal seeks. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Seal fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on the Supreme Court's recent decision in Booker.

---

[1] The Court also notes that any § 2255 motion by Seal is probably barred by the applicable statute of limitations because it was not brought within a year after his conviction became final. See 28 U.S.C. § 2255 ¶6(1). Seal could argue that such a motion should be deemed timely because it was brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3). However, such an argument is currently foreclosed by the Fifth Circuit's decision in United States v. Padilla, 416 F.3d 424, 427 (5th Cir. 2005), which held that Booker is not retroactively applicable on collateral review. Thus, even if Seal were to file a § 2255 motion, it would probably be dismissed as time-barred.

Therefore, the Court does not have authority to alter his sentence and, construed as a motion to reduce sentence, his motion is DENIED.

## **CONCLUSION**

For the foregoing reasons, Seal's motion (D.E. 26) is DENIED WITHOUT PREJUDICE to his ability to raise his substantive claim in a proper § 2255 motion. But see supra note 1. Construed as a motion to reduce sentence, his motion is DENIED.

It is so ORDERED this 20th day of November, 2005.

_____
Janis Graham Jack
United States District Judge